UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRELL FRANCIS TAYLOR, | No. 2:16-cv-0402-EFB P[1] |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| B. OTT, et al., | |
| Respondents. | |

Petitioner is a state prisoner without counsel seeking a writ of mandamus pursuant to 28 U.S.C. § 1361.[2] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

---

[1] Petitioner did not respond to the court's order directing him to complete and return the form indicating either his consent to jurisdiction of the magistrate judge or request for reassignment to a district judge. Accordingly, the clerk will be directed to randomly assign this case to a district judge.

[2] Petitioner requests leave to proceed in forma pauperis. ECF No. 5. His application, however, indicates that his "gross pay" amounts to $58,406,400. *Id.* In light of the recommendation herein, the court need not resolve the pending application for leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915A(a) (requiring court to screen a prisoner's complaint "as soon as practicable").

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

Petitioner does not name himself as a party to this action; rather he lists the "United States of America, Internal Revenue Service" as plaintiff (with himself as attorney for the United States), and B. Ott as respondent.  His claim is that B. Ott, a licensed psychiatric technician employed at California State Prison, Sacramento, "has failed to provide defendant's taxpayer ID number to plaintiff for the purpose of being entitled to the entire amount of Federal and State income tax withheld on form 1099-OID that must be included in defendant's 'gross income' after the defendant had 'complete dominion over' the said 'original issue price' of a $2 million dollar banker's acceptance issued by Bettis Kirell Francis in the amount of $1,820,000.00." [3] ECF No. 1 at 3.

/////

---

[3] Petitioner raised nearly identical allegations in *Taylor v. IRS*, No. 2:16-cv-0140-TLN-GGH (E.D. Cal.), ECF No. 1.  After the court recommended dismissal of the action for lack of standing and as frivolous, petitioner voluntarily dismissed the action.  *Id.* ECF No. 8.

In addition to the vague, conclusory, and nonsensical nature of petitioner's allegations, there are several reasons why this action must be dismissed. *See Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989) (allegations are frivolous when they lack even "an arguable basis either in law or in fact," and appear "fanciful," "fantastic," or "delusional"). First, Taylor has not named himself as a party and therefore has no standing to bring a suit on behalf of the IRS. *Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1308 (9th Cir. 1982) (party must assert his own rights not those of third parties). Second, Taylor purports to bring this action under 28 U.S.C. § 1361, seeking a writ of mandamus. Section 1361 provides for original jurisdiction to compel an employee or agent of the United States to perform a duty owed to a plaintiff. Taylor has identified "B. Ott," apparently a state employee, as the defendant/respondent. Therefore, petitioner has not shown that mandamus relief is applicable.

For these reasons, the court finds that the petition for writ of mandamus should be summarily dismissed pursuant to 28 U.S.C. § 1915A and that leave to amend would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

3

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 9, 2016.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE